## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## JOHNSTOWN DIVISION

| | | |
|---|---|---|
| SANTOS MODESTO NUNEZ RAMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 3:25-cv-00387 |
| vs. | ) | |
| | ) | |
| KRISTI NOEM, SECRETARY OF | ) | United States Magistrate Judge |
| HOMELAND SECURITY, U.S. | ) | Christopher B. Brown |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY; TODD LYONS, ACTING | ) | |
| DIRECTOR, U.S. IMMIGRATION | ) | |
| AND CUSTOMS ENFORCEMENT; | ) | |
| DAVID O'NEILL, DIRECTOR, | ) | |
| PHILADELPHIA ICE FIELD OFFICE, | ) | |
| U.S. IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT; PAMELA J. | ) | |
| BONDI, ATTORNEY GENERAL; AND | ) | |
| LEONARD ODDO, WARDEN, | ) | |
| MOSHANNON VALLEY | ) | |
| PROCESSING CENTER; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION GRANTING PETITION
## FOR WRIT OF HABEAS CORPUS, ECF NO. 1[1]

### Christopher B. Brown, United States Magistrate Judge

Presently before the Court is a counseled petition for a writ of habeas corpus

under 28 U.S.C. § 2241 filed on behalf of Petitioner, Santos Modesto Nunez Ramos,

---

[1]    All parties have consented to full jurisdiction before a United States Magistrate Judge,
including entry of a final judgment, under 28 U.S.C. § 636(c).  *See* ECF Nos. 7 and 9.

who is a non-citizen[2] that is presently detained in an immigration detention center located in the Western District of Pennsylvania.  ECF No. 1.

Before the Court is a dispute about which section of the Immigration and Nationality Act ("INA") applies to Nunez Ramos, namely 8 U.S.C. § 1225(b)(2)(A) or § 1226(a).  The application of one versus the other matters as Section 1225(b)(2)(A) mandates his detention, while Section 1226(a) is discretionary and affords him the statutory right to a bond hearing before an immigration judge.[3]  Nunez Ramos asks

---

[2]     This Memorandum Opinion uses the term "noncitizen" as equivalent to the statutory term "alien."  *See Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020).  *See* 8 U.S.C. § 1101(a)(3) ("[t]he term 'alien' means any person not a citizen or national of the United States.").

[3]     Title 8, U.S.C. § 1225(b)(2)(A) states, in relevant part:

(2) INSPECTION OF OTHER ALIENS

    (A)  In general

        Subject to subparagraphs (B) and (C), in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A) (emphasis added).

    As a matter of comparison, 8 U.S.C. § 1226(a) states, in relevant part:

(a) ARREST, DETENTION, AND RELEASE

        On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

            (1) may continue to detain the arrested alien; and
            (2) may release the alien on—

                (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General ...

8 U.S.C. § 1226(a).

the Court to grant him habeas relief in finding that Section 1226(a) applies to him, not Section 1225(b)(2)(A), and Order the Government to conduct a bond hearing. ECF No. 1 at 13.

For the reasons that follow, the Court will grant the Petition and order Nunez Ramos be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review by **December 30, 2025**.

I.    **Jurisdiction**

In general, federal courts have jurisdiction to hear habeas corpus petitions from noncitizen detainees who claim their civil detention violates the "Constitution or laws . . . of the United States[.]" 28 U.S.C. § 2241; *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Here, Nunez Ramos seeks habeas relief arguing he is being unlawfully detained without eligibility for a bond hearing under Section 1225(b)(2)(A) of the INA when, in fact, he is detained under Section 1226(a) which would make him eligible for a bond hearing. ECF No. 1 at 13-14.

II.    **Factual Background**

The record reflects Nunez Ramos is 39 years old and is a citizen of El Salvador who "entered the United States without inspection between ports of entry, across the U.S. – Mexico border, in 2006." ECF No. 1, ¶ 32; ECF No. 1-1 at 1; ECF No. 10 at 1. According to the Petition, Nunez Ramos was included as a derivative applicant on the application for asylum filed by his former spouse. ECF No. 1, ¶ 35. After he and his spouse separated, however, Nunez Ramos was issued a Notice on May 8, 2017 to appear before an immigration judge as he was being charged with

being "an alien present in the United States who has not been admitted or paroled[.]" ECF No. 1-1; ECF No. 10-1. At that hearing he was released under his own recognizance, awaiting notification of a removal hearing date. ECF No. 1-2 at 2. While on release, from the record, it appears Nunez Ramos complied with his reporting requirements. *Id*. at 1. At his October 3, 2018 check-in with ICE, Nunez Ramos was informed that his removal hearing had occurred the day before and an *in absentia* order of removal had been entered. ECF No. 1, ¶ 36; ECF No. 1-3. Nunez Ramos filed a motion to reopen the removal proceedings which was granted by an Immigration Judge on November 16, 2018. ECF No. 1-4. Seven months later, in June 2019, Nunez Ramos filed an Application for Cancellation of Removal for Non-Permanent Residents with the Immigration Court. ECF No. 1-5. Six years later, on June 25, 2025, Nunez Ramos's application was denied by an Immigration Judge and he was ordered to be removed to El Salvador. ECF No. 1-6.

On July 17, 2025, Nunez Ramos appealed the removal order with the Board of Immigration Appeals ("BIA"). ECF No. 1-7. During the pendency of this appeal, on October 14, 2025, Nunez Ramos was detained by ICE officials "when he appeared for his regularly scheduled check-in at the ICE Washington Field Office." ECF No. 1, ¶ 42; ECF No. 10 at 2. Since that date, Nunez Ramos has been detained at the Moshannon Valley Processing Center an immigration detention facility located in this district. ECF No. 1, ¶ 43; ECF No. 10 at 2. At the time of filing of his petition in October of 2025, Nunez Ramos was in removal proceedings, having "filed a timely appeal of his removal order with the Board of Immigration Appeals ("BIA") on July

17, 2025.  ECF No. 1 ¶ 41.  Since then, a review of the public docket suggests the case appeal was received on July 17, 2025, and is still pending, with no briefing schedule yet set.  *See* publicly available Executive Office for Immigration Review ("EOIR") Automated Case Information page, *Nunez-Ramos, Santos M.,* A-Number 208-841-732, available at https://acis.eoir.justice.gov/en/caseInformation (last viewed 12/19/2025).

## III.    Federal Habeas Proceedings

On October 30, 2025, counsel for Nunez Ramos filed the instant habeas petition under 28 U.S.C. § 2241.  ECF No. 1.  Nunez Ramos is seeking relief on three claims.  ECF No. 1, ¶¶ 47 – 55.  Of them, the only issue before the Court is a statutory interpretation involving whether Nunez Ramos is entitled to a bond determination under 8 U.S.C. § 1226(a) or whether he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  ECF No. 1, ¶¶ 49-51.

The matter is fully briefed and ripe for disposition.  *See* ECF Nos. 1 and 10. For the reasons below, the Court concludes Nunez Ramos is entitled to a bond hearing under Section 1226(a).

## IV.    Discussion

Here, Nunez Ramos admits he is a citizen of El Salvador who entered the United States without inspection.  ECF No. 1 at 1.  It was only after he entered and resided in the United States for nearly 20 years that he was arrested and detained. *Id*.  Nunez Ramos argues that noncitizens such as him who are subject to removal proceedings have traditionally been detained under Section 1226(a) and granted

bond hearings. *Id.* He further argues that it wasn't until July of 2025 that ICE, in an apparent matter of statutory interpretation, changed its position to deem noncitizens like him to be "applicants for admission" such that it subjected him to mandatory detention under Section 1225(b)(2)(A) rather than discretionary detention under Section 1226(a). *Id.* at 1 and 2. Accordingly, this case presents a relatively new question for this Court which was recently addressed in a similar case. That is, whether a noncitizen who is already present in the United States, not at its port of entry seeking admission, is deemed an "applicant for admission" subjecting him or her to mandatory detention under Section 1225(b)(2) or, if not, subjecting him or her to discretionary detention with a right to a bond hearing under Section 1226(a). *See Vasquez Mejia v. Noem, et al.*, Case No. 3:25-cv-333, 2025 WL 3546427 (W.D. Pa. Dec. 11, 2025) (Brown, M.J.) (rejecting Hurtado decision); *Calzado Diaz v.* Noem, et al., Case No. 3:25-cv-0458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025)(Haines, J.) (same).

     As the Supreme Court observed,

> "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry."

*Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes,

for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

The parties' dispute is fundamentally a dispute about statutory interpretation.  Nunez Ramos alleges that he is entitled to a bond determination under 8 U.S.C. § 1226(a), because he has been present in the United States and is not "seeking admission."  ECF No. 1 at 2.  The Government argues Nunez Ramos is not entitled to a hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as he entered the United States illegally and therefore remains an "applicant for admission" based on his undocumented status.  ECF No. 10 at 4.

The Court finds that Section 1226(a) applies and therefore Nunez Ramos is subject to discretionary detention.  The plain language of the mandatory detention provision of Section 1225(b)(2)(A) requires that the "applicant for admission" be just that, an individual "seeking admission."  8 U.S.C. 1225(b)(2)(A).  The INA defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(a).  By using the term "seeking admission," Section 1225(b)(2)(A) limits its statutory application to aliens actively attempting to enter the United States lawfully at its port of entry and does not extend to those already present in the United States who previously entered without inspection.  That interpretation is

supported by Section 1225's repeated reference to "arriving aliens"[4] and the existence of Section 1226 - a separate statute that allows for detention and removal of aliens, i.e. noncitizens, who are already present in the country.

In *Jennings*, the Supreme Court of the United States discussed the differences between Section 1225(b) and 1226(a). *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). In that case, the Supreme Court explained that Section 1225 authorizes the Government to detain certain noncitizens seeking admission into the United States under §§ 1225(b)(1) and (b)(2), *id*. at 289, and described Section 1226, as setting out the "default rule," which applies to those noncitizens who are "already present inside the United States. *Id*. at 303 ("§ 1226 applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings.").

It has been "DHS's longstanding practice of treating noncitizens arrested while living in the United States, including those who entered without inspection, as detained under Section 1226(a)." *Rodriquez v. Bostock*, 779 F. Supp. 3d 1239, 1260 (W.D. Wash. 2025). Despite this "longstanding practice," on July 8, 2025, ICE issued a new interim guideline changing its policies regarding Section 1226(a):

> Effective immediately, it is the position of DHS that such
> aliens are subject to detention under Immigration and

---

[4]     "The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1001.1(q).

> Nationality Act ("INA") § 235(b) [8 U.S.C. § 1225(b)(2)]
> and may not be released from ICE custody except by INA
> § 212(d)(5) [8 U.S.C. § 1225(b)(5)]." . . . For custody
> purposes, these aliens are now treated in the same
> manner that "arriving aliens" have historically been
> treated.

ECF No. 1, ¶ 21 (*citing* ICE Memo: Interim Guidance Regarding Detention

Authority for Applicants for Admission, https://www.aila.org/library/ice-memo-

interim-guidance-regarding-deention-authority-for applications-for-admission).  On

September 5, 2025, the Board of Immigration Appeals adopted and applied this new

policy in *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025).  *Id.,* ¶ 25.

Since DHS's change in policy, the Court notes, the overwhelming majority of

district courts in this country to have addressed the distinction between Section

1225(b) and Section 1226(a) have found that Section 1226(a), rather than the

mandatory detention provision of Section 1225(b), applies to a noncitizen similarly

situated to Nunez Ramos who is not seeking admission at a port of entry, but rather

present in the United States.  *See, e.g., Contreras-Cervantes v. Raycraft*, 2:25-cv-

13073, 2025 WL 2952796, *8 n.4 (E.D. Mich. Oct. 17, 2025) (collecting cases).  This

Court has carefully reviewed these decisions and agrees with the growing

consensus.

Here, the Court finds it would be more accurate to describe Nunez Ramos as

"already in the country" or "already present in the United States" rather than as

"seeking admission into the country" – there is no dispute that at the time of his

being arrested and charged with removability that Nunez Ramos had been in the

United States for nearly twenty years and was not actively seeking admission at its

port of entry.  Under such circumstances, Nunez Ramos's argument that he is subject to Section 1226(a) is consistent with the plain language of the statute and is consistent with the Supreme Court's discussion in *Jennings*.

Accordingly, the Court concludes that his detention is thus governed by Section 1226(a).  As a noncitizen detained under Section 1226(a), Nunez Ramos has a statutory right to a bond hearing.  *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1236(d)(1)).  In making this finding the Court reiterates is not making any recommendation whatsoever regarding Nunez Ramos's ultimate detention or release.  Rather the Court finds, as a matter of statutory interpretation, that he is entitled to bond a hearing.  Any other relief requested by Nunez Ramos in his Petition, such as immediate release or that the Government be enjoined from transferring him outside this judicial district pending this litigation, is denied.  ECF No. 1, at 14.  An appropriate Order follows.

DATED this 19th day of December, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge


cc:    All Counsel of Record
        (via ECF electronic notification)